[No. C053784. Third Dist. June 21, 2007.]

In re the Marriage of REEMA and VIKAS SAREEN.
REEMA SAREEN, Appellant, v.
VIKAS SAREEN, Respondent.

**COUNSEL**

Jay-Allen Eisen Law Corporation, C. Athena Roussos; and Cecilia Arnold for Appellant.

Law Offices of Douglas S. Srulowitz and Douglas S. Srulowitz for Respondent.

**OPINION**

**CANTIL-SAKAUYE, J.**—Reema Sareen (wife) appeals the trial court's grant of (husband) Vikas Sareen's motion to quash jurisdiction in wife's child custody petition. Wife contends the trial court erred in concluding India was their child's home state under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA or Act) (Fam. Code, § 3400 et seq.)[1] and that, absent an order from the court in India declining jurisdiction, California did not have jurisdiction. Wife contends California has jurisdiction under the UCCJEA. We agree with wife and shall reverse the order granting husband's motion to quash.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2002, husband and wife were married in New Delhi, India. In July 2002 they moved from India to New York State. Husband is a

---

[1] "In 1973, California adopted the Uniform Child Custody Jurisdiction Act (UCCJA). (Former Civ. Code, § 5150 et seq., added by Stats. 1973, ch. 693, § 1, pp. 1251–1259.) In 1997, a revised version of the UCCJA was promulgated as the UCCJEA. Its purpose, in addition to harmonizing inconsistent case law under the UCCJA, was to 'bring[] a uniform procedure to the law of interstate enforcement' by 'provid[ing] . . . a remedial process to enforce interstate child custody and visitation determinations.' (9 West's U. Laws Ann. (1999) Uniform Child Custody Jurisdiction Act, Prefatory Note, p. 650.) California adopted the UCCJEA effective January 1, 2000. (Fam. Code, §§ 3400–3465, added by Stats. 1999, ch. 867, § 3.)" (*In re Marriage of Paillier* (2006) 144 Cal.App.4th 461, 469 [50 Cal.Rptr.3d 459].) Further undesignated statutory references are to the Family Code.

United States citizen and wife is a legal resident of the United States. Their daughter, S., was born in New York in February 2004. She is a United States citizen.

According to wife, on August 20, 2004, husband told her the family was going to Switzerland for a vacation. However, when they got to Frankfurt, Germany, they changed planes not for Switzerland, but for India. They arrived in India on August 21, 2004. Less than a week later, on August 27, 2004, husband filed for divorce in an Indian court. Three days later, on August 30, 2004, husband filed a petition for custody of S. in the Indian court and an application to restrain wife from leaving India with S. Husband then returned alone to New York.

According to wife, husband abandoned wife and six-month-old S. in New Delhi without financial support, taking with him wife's United States residency documents, her Indian passport, and S.'s United States passport. Wife tried to obtain replacement documents to allow her return to the United States with S. When wife tried to obtain a replacement passport for S., husband refused to sign the necessary consent "for purposes relating to certain pending court proceedings." Wife was able to temporarily return to the United States in February/March 2005 to work on her own immigration papers and request S.'s passport. She then rejoined her daughter in India in March 2005. S.'s new United States passport was eventually issued on September 21, 2005. Wife and S. were able to leave India on November 5, 2005. They flew to New York and then a few days later flew to California where they took up residence.

Husband denied he abandoned wife and S. in India. He declared it was understood they were going to vacation there, but that wife's continued tantrums, threats, and cruel behavior compelled him to file for divorce shortly after their arrival. He claimed he voluntarily left S. with wife while the divorce and custody proceedings were pending, after making provisions for their support. He denied taking wife's or S.'s passports or documents. He claimed wife had property and family in New Delhi. He contended wife was legally required to stay in India while the divorce and custody proceedings were pending there.

The divorce and custody proceedings in India, started by husband in August 2004, continued with husband and wife both flinging accusations of mistreatment, abuse, lies, threats, neglect, misrepresentations, and fraud against each other. Wife apparently filed a dowry action against husband. Husband sought to change his divorce petition to an annulment proceeding based on allegations that wife fraudulently induced their marriage on a false representation of her educational background. On application by wife, the

Indian trial court entered an order in May 2005 requiring husband to pay child and spousal support. The record contains evidence of husband paying only two months of the ordered support. The Indian court did not enter any order restraining wife or S. from leaving the jurisdiction and the statute referenced by husband as barring wife's leaving applied only where a guardian was appointed, which had not occurred.

On January 31, 2006, wife filed, in the Sacramento County Superior Court, a petition for child custody and support, including a request for child abduction prevention orders.

Husband filed a motion to quash, jurisdiction premised on the grounds that (1) India has jurisdiction of the custody proceedings for S. and wife illegally kidnapped S. to come to California, (2) S. did not have minimum contacts with California, (3) husband did not have minimum contacts with California, and (4) husband did not cause an effect in California.

Wife opposed husband's motion to quash, denying husband's factual contentions and claiming she did not violate Indian law or any Indian court order by moving back to the United States when she was able to do so, that she never intended to go to India or stay there, that her presence in India was not voluntary, and that she was now lawfully living in California with the permission of the Indian government. Wife argued personal jurisdiction over husband was not necessary for a custody determination under the UCCJEA, that the Indian proceedings did not preempt exercise of California jurisdiction, and that California could exercise jurisdiction premised either on California being S.'s home state or on there being no home state and S.'s significant connection with California. Wife stated in November 2005 she came to Sacramento where her brother lives and works and is able to give her and S. considerable moral support. She is working part time here and is receiving Temporary Assistance for Needy Families (TANF).

While husband's motion to quash was pending in Sacramento, the court in India dismissed the application of husband for an order staying the proceedings in California, finding it did not have jurisdiction over a California court. The Indian court denied husband's request for an interim custody order, but the issue of custody remained pending in the Indian court.

After argument and supplemental briefing, the trial court filed a ruling on submitted matter, granting husband's motion to quash. In pertinent part, the ruling stated: "In this case, the divorce case commenced in India, one week after [wife] and [S.] arrived there. Thus, India was not the home state under the UCCJEA for purposed [*sic*] of the proceeding in Delhi. At the time [S.'s] home state was New York. This action was filed on January 31, 2006. At the

time [S.] had resided in India for a year and thus under the statutory definition India was the home state for purposes of the UCCJEA. . . . [¶] [T]he Court in India has not declined to exercise its jurisdiction and may in fact do so on August 1 [the date set for hearing in the Indian court, which according to the parties has since been continued]. The UCCJEA is clear, at this time absent an order from the Delhi court declining jurisdiction in favor of California, this Court does not have jurisdiction under the UCCJEA."

## DISCUSSION

■ It is well settled in California that the UCCJEA is the exclusive method of determining subject matter jurisdiction in custody disputes involving other jurisdictions. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 310 [27 Cal.Rptr.2d 595, 867 P.2d 706]; *In re A. C.* (2005) 130 Cal.App.4th 854, 860 [30 Cal.Rptr.3d 431]; *In re C. T.* (2002) 100 Cal.App.4th 101, 106 [121 Cal.Rptr.2d 897]; § 3421, subd. (b).) The UCCJEA applies to international custody disputes as well as interstate disputes. (*In re Stephanie M., supra*, at p. 310; *In re A. C., supra*, at p. 860.) Under the Act, foreign countries are to be treated as states for the purpose of determining jurisdiction, unless the child custody law of the country violates fundamental principles of human rights. (§ 3405, subds. (a), (b) & (c).) Nothing in the record suggests the custody law of India in any way violates principles of human rights.

■ Although there is some conflict in the parties' version of events in this case, the relevant jurisdictional facts are largely undisputed. "We are not bound by the [trial] court's findings regarding subject matter jurisdiction, but rather 'independently reweigh the jurisdictional facts.' [Citation.] '[S]ubject matter jurisdiction either exists or does not exist at the time the action is commenced' [citation] and cannot be conferred by stipulation, consent, waiver, or estoppel [citations]." (*In re A. C., supra*, 130 Cal.App.4th at p. 860; see *Guardianship of Ariana K.* (2004) 120 Cal.App.4th 690, 701 [15 Cal.Rptr.3d 817] [where evidence is not in dispute, de novo review applies].) The action is commenced when the first pleading is filed (§ 3402, subd. (e); *In re Marriage of Torres* (1998) 62 Cal.App.4th 1367, 1374 [73 Cal.Rptr.2d 344]); here, January 31, 2006.

The first issue we address is whether the trial court was precluded from exercising jurisdiction due to the pendency of the custody proceedings in India. Husband admits he filed for custody in India before the family had been in the country for six months, which would have been a requirement under the UCCJEA for home state jurisdiction, but claims his action came within the jurisdictional requirements of Indian law and that the proceeding in India precludes the exercise of jurisdiction by a California court under section 3426, subdivision (a).

Section 3426, subdivision (a), reads: "Except as otherwise provided in Section 3424 [temporary emergency jurisdiction], a court of this state may not exercise its jurisdiction under this chapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state *having jurisdiction substantially in conformity with this part,* unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 3427." (Italics added.)

On January 31, 2006, when wife filed her custody petition in this case, custody proceedings had been commenced and were pending in India. The pertinent question under section 3426, subdivision (a), is not whether the Indian court had jurisdiction under its own laws for such proceeding, but whether such jurisdiction was "substantially in conformity with [the UCCJEA]." (§ 3426, subd. (a).) Here it is undisputed husband filed his custody petition on August 30, 2004, only nine days after the family arrived in India. Such a minuscule amount of time in India does not come close to establishing the connection to the state required by the UCCJEA for the exercise of custody jurisdiction. (See § 3421.) India's jurisdiction in the pending custody proceeding, while presumably adequately established under Indian law, was not in substantial conformity with the UCCJEA. Nor did the Indian court's order on application of wife requiring husband to pay child support confer jurisdiction on India under the UCCJEA. Under section 3402, subdivision (c), a child custody determination does not include an order relating to child support. The trial court was not precluded from exercising its jurisdiction, if it had it, because of the pendency of the proceeding in India.

We turn to the question of whether the trial court had jurisdiction to exercise in this case under the Act.

Section 3421, subdivision (a), confers jurisdiction on a California court "only if any of the following are true:

"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

"(2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under Section 3427 or 3428, and both of the following are true:

"(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

"(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

"(3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 3427 or 3428.

"(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3)."

Section 3402, subdivision (g), provides the definition for the term "home state" as used in section 3421. " 'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period." (§ 3402, subd. (g).)

On January 31, 2006, wife and S. had lived in California for a period of under three months (they arrived a few days after Nov. 5, 2005). Therefore, California was not the home state of S. on the date of the commencement of this proceeding. Nor is there any evidence that California "was the home state of [S.] within six months before the commencement of the proceeding and [S.] is absent from this state but a parent or person acting as a parent continues to live in this state" so as to give California jurisdiction under the second sentence of subdivision (a)(1) of section 3421 for recent home state jurisdiction. S. had never previously lived in California with either parent for any consecutive period of six months, much less a period ending within the previous six months to January 31, 2006. The trial court did not have jurisdiction under subdivision (a)(1) of section 3421.

For California to exercise jurisdiction under subdivision (a)(2) of section 3421, we must first determine if there was any other state with home state jurisdiction under subdivision (a)(1) at the time of the commencement of wife's proceeding.[2] The trial court concluded that on January 31, 2006, S. "had resided in India for a year and thus under the statutory definition India was the home state" under the UCCJEA. It is undisputed S. lived in India from August 20, 2004, until November 5, 2005. However, we part company with the trial court in concluding such period of residence can be counted towards India being S.'s home state on January 31, 2006.

---

[2] There is no evidence any court of any other state declined custody jurisdiction over S., so we do not need to address the portions of section 3421, subdivision (a), dealing with such a situation.

Although we have not found any California case holding on point,[3] cases in other states have concluded time spent in a forum after the filing of a child custody petition may not be counted towards the time necessary for home state jurisdiction. (See Annot., Home State Jurisdiction of Court Under § 3(a)(1) of the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA), 28 USCS § 1738A(c)(2)(A) (1992) 6 A.L.R.5th 1, 48–50, § 17[b].) Cases interpreting the prior law, UCCJA, including decisions of other states interpreting similar provisions of the uniform act as adopted in California, may be persuasive in deciding cases under the UCCJEA, except where the two statutory schemes vary. (*In re Marriage of Paillier, supra,* 144 Cal.App.4th at p. 469, quoting *In re A. C., supra,* 130 Cal.App.4th at p. 860; *In re Marriage of Newsome* (1998) 68 Cal.App.4th 949, 956 [80 Cal.Rptr.2d 555]; Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2006) ¶ 7:80.5, p. 7-26.)

For example, in *Atkins v. Vigil* (Alaska 2002) 59 P.3d 255, the Alaska Supreme Court reversed the decision of the trial court declining jurisdiction over a child custody petition, which had been based on a conclusion that California was the child's home state. The court ruled that California was not the child's home state when the guardianship petition there was filed less than six months after the child had arrived in California and "a child and parent cannot fulfill the six-month home state period through their continued residence in a state after a custody action has been filed." (*Id.* at p. 257, fn. omitted.)

In *Hegler v. Hegler* (Fla.Dist.Ct.App. 1980) 383 So.2d 1134, the Florida Court of Appeal reversed in its entirety the trial court's custody decision as to one child because Florida did not have jurisdiction when Maryland was the

---

[3] In *Peery v. Superior Court* (1985) 174 Cal.App.3d 1085 [219 Cal.Rptr. 882], the court considered a peremptory writ of mandate to compel the trial court to relinquish jurisdiction and to enforce a Louisiana custody decree entered subsequent to a stipulated California custody judgment. (*Id.* at p. 1089.) In deciding whether the California decree should be enforced, the court considered whether California had jurisdiction under the UCCJA, the prior law to the UCCJEA (see fn. 1, *ante*), when the original judgment was entered. The court first noted the California matter proceeded on a consensual basis and resulted in a default judgment without any hearing on the jurisdictional facts. (174 Cal.App.3d at p. 1093.) The court then pointed to evidence the child had been in California for more than six months before the action was filed. (*Ibid.*) It then parenthetically noted the child was "certainly there for more than six months before the decree determining custody was entered." (*Ibid.*, fn. omitted.) Finally, the court then discussed an alternate basis for jurisdiction under the prior act. (*Ibid.*) We do not view the quoted portion of the court's opinion as anything but dicta on the issue of whether time subsequent to filing can be counted towards the minimum time necessary for jurisdiction under the Act or its predecessor. The issue was not directly presented and resolution of it was not necessary to the court's opinion. "An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' [Citations.]" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

home state of that child. As to the other child, the court reversed, but remanded the decision for hearing and a determination of emergency temporary jurisdiction. (*Id.* at p. 1137.) The court concluded with the following direction to the trial court: "The fact that the children have been in Florida since 1978 and that Florida may now have become their 'home state' pending the lengthy resolution of this appeal shall not be considered by the trial court in determining jurisdiction of [the children], as regards this or any future petition." (*Ibid.*, fn. omitted.)

In *Irving v. Irving* (Tex.App. 1985) 682 S.W.2d 718, a Texas court of appeal concluded Texas did not have jurisdiction to award custody in an action filed in Texas by a father four days after he had brought his children to Texas, when the children had otherwise lived in Illinois and had been taken from their grandmother's home in Mississippi where they were temporarily staying. The court stated: "During the three-year duration of this legal battle, the children have undoubtedly developed roots in Texas. However, we cannot allow the appellee to bootstrap his way into a Texas court based on relationships developed after suit was commenced." (*Id.* at p. 721.)[4]

■ Like these courts, we are persuaded a parent may not take a child to a jurisdiction, file a premature custody petition, and then use the time the child remains in that jurisdiction pending resolution of the petition to meet the six-month UCCJEA home state period, either in that custody proceeding or as a defense to the other parent's competing custody proceeding in another state. To do so would condone blatant forum shopping, particularly here where it appears husband's actions were responsible for keeping S. in India after his filing of the divorce and custody actions.[5] Even husband concedes continued residence after filing does not satisfy the six-month residence requirement for home state jurisdiction under the UCCJEA. Husband simply continues to assert Indian jurisdiction is proper under Indian law but does not answer the question of California's jurisdiction under the UCCJEA.

We conclude India was not the home state of S. under the UCCJEA on January 31, 2006, when wife filed her petition in this case.

[4] At oral argument respondent's counsel cited *In re McCoy* (Tex.App. 2001) 52 S.W.3d 297, without notifying the court or counsel of his intended use of the case. We do not condone this irregular and unfair procedure. In any event, the case does not support respondent's position on appeal.

[5] We do not have to resolve the factual dispute over whether husband actually abandoned wife and S. without support in India, taking their passports and residency documents, as wife claims, because even if they were not abandoned and husband did not actually take the documents, the record clearly establishes the documents were lost, husband blocked wife's attempt to get a United States passport for S. reissued by refusing to give his consent "for purposes relating to certain pending court proceedings," and husband filed requests and applications in the Indian courts seeking to keep wife and S. in India.

■ The only other state that could possibly have been S.'s home state on January 31, 2006, when wife filed her petition in this case, was New York. However, neither wife nor husband claim New York was then S.'s home state and indeed it is clear S. had not lived in New York since August 2004 and had only spent a few days in New York when she and wife came back to the United States in November 2005. Admittedly, periods of temporary absence of a child and parents from a state are counted in determining whether the period for home state jurisdiction has been met. (§ 3402, subd. (g); *In re Marriage of Torres, supra,* 62 Cal.App.4th at p. 1374.) It would, however, be a stretch of imagination on these facts to consider an absence, with the exception of a few days, of almost *17 months* to be a "temporary" absence from New York.

We conclude there was no state with home state jurisdiction on January 31, 2006, when wife filed her petition for child custody in the trial court.

■ In such a situation California may exercise jurisdiction under section 3421, subdivision (a)(2) when "both of the following are true: [¶] (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence. [¶] (B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships." The evidence established both were true in this case.

Here S. was not quite two years old at the time of wife's filing of the petition in California. Wife submitted a declaration in support of her opposition to husband's motion to quash in which she stated she and S. came to California approximately three months earlier and they were now "settled" in California, where she has the moral support of her brother who also lives here. Wife is working part time and is receiving temporary public assistance. Husband did not submit any evidence contradicting wife's claims or establishing an alternate location of available important information regarding S.

Therefore, the undisputed evidence established wife's significant connection with this state beyond mere physical presence. She had family, work and financial connections to Sacramento. In addition, the undisputed evidence established that the relevant current information relating to S., her daycare, her family relationships, her friends and her activities, as well as the relevant information regarding her future care, protection, and schooling was available in California, where she and wife had settled. Although some past information regarding S. might be located in New York and India, such information would not be as significant as the information regarding S.'s current and future circumstances available in California, particularly where the information in New York would relate to only a few months of S.'s infancy and the

information in India would most likely reflect the temporary living arrangements of wife and S. while wife sought to return to the United States.

The trial court erred in concluding it did not have jurisdiction under the UCCJEA. The evidence before it established jurisdiction under section 3421, subdivision (a)(2).

## DISPOSITION

The judgment (order) of the trial court granting respondent's motion to quash is reversed. Appellant is awarded her costs on appeal. (Cal. Rules of Court, rule 8.276(a).)

Nicholson, Acting P. J., and Morrison, J., concurred.

A petition for a rehearing was denied July 19, 2007, and respondent's petition for review by the Supreme Court was denied October 17, 2007, S155720. George, C. J., did not participate therein.