THE STATE EX REL. DEGROOT, APPELLANT, *v.* TILSLEY,

DIR., ET AL., APPELLEES.

[Cite as *State ex rel. DeGroot v. Tilsley,* 128 Ohio St.3d 311, 2011-Ohio-231.]

*Public Records Act — Mandamus — Home addresses of city retirees are not records under R.C. 149.011(G) — Judgment affirmed.*

(No. 2010-1285 — Submitted January 4, 2011 — Decided January 26, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-100338.

————————————

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment entered by the court of appeals dismissing the petition of appellant, Ann DeGroot, for a writ of mandamus to compel appellees, Paula Tilsley, executive director of the Cincinnati Retirement System, and the city of Cincinnati, to provide access to the home addresses[1] of all persons eligible to vote for the retiree-trustee of the retirement system pursuant to R.C. 149.43, the Public Records Act.  Because those addresses are not records for purposes of R.C. 149.43, we affirm the judgment of the court of appeals.

### Facts

{¶ 2}   DeGroot is a retired member of the Cincinnati Retirement System. According to DeGroot, she has been adversely affected by the city's changes to the healthcare benefits of its retirees.  DeGroot requested that Tilsley provide "copies of the names and addresses of all persons eligible to receive a ballot for

---

[1] Although the addresses sought by DeGroot in her petition were not restricted to *home* addresses, her argument on appeal mentions only home addresses.  Therefore, our opinion is likewise limited to her request for home addresses of retired public employees. See *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, fn. 1; cf. *State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 61 (court need not address request contained in relators' complaint for writ of mandamus when they failed to include any argument in support of their request in their initial merit brief).

the election of a Retiree-Trustee of the Board of Trustees of the Cincinnati Retirement System." DeGroot initially wanted the names and home addresses of city retirees to communicate with them about the changes to their healthcare benefits and about the September 2010 election of the retiree-trustee of the retirement system's board of trustees. Tilsley and the city provided DeGroot with the names of the retirees, but not their home addresses.

**{¶ 3}** In May 2010, DeGroot filed in the Court of Appeals for Hamilton County a petition, which was subsequently amended, for a writ of mandamus to compel Tilsley and Cincinnati to provide her with access to home addresses of city retirees. Appellees filed a motion to dismiss the amended petition, and DeGroot filed a memorandum in opposition. In DeGroot's amended petition and memorandum, she relied on R.C. 149.43. The court of appeals granted appellees' motion and dismissed the amended petition.

**{¶ 4}** This cause is now before the court upon DeGroot's appeal as of right.

**Legal Analysis**

**{¶ 5}** DeGroot asserts that the court of appeals erred in dismissing her mandamus petition. Dismissal of the petition under Civ.R. 12(B)(6) is appropriate if, after all factual allegations of the petition are presumed true and all reasonable inferences are made in DeGroot's favor, it appears beyond doubt that she can prove no set of facts entitling her to the requested writ of mandamus. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 6.

**{¶ 6}** Dismissal was appropriate because the home addresses of city retirees are not records under R.C. 149.011(G) so as to be subject to disclosure under R.C. 149.43. R.C. 149.011(G) defines "records" for purposes of the Public Records Act as "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the

2

Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

{¶ 7} In *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, syllabus, we held, "State-employee home addresses are generally not 'records' under R.C. 149.011(G) and are thus not subject to disclosure under R.C. 149.43, the Public Records Act." We concluded that home addresses of public employees do not document the organization, functions, policies, decisions, procedures, operations, or other activities because at best, home addresses represent contact information used as a matter of administrative convenience. Id. at ¶ 25. Disclosure of home addresses of public employees would thus " 'reveal little or nothing about the employing agencies or their activities.' " Id. at ¶ 27, quoting *United States Dept. of Defense v. Fed. Labor Relations Auth.* (1994), 510 U.S. 487, 497, 114 S.Ct. 1006, 127 L.Ed.2d 325.

{¶ 8} Although *Dispatch Printing* involved state-employee home addresses rather than the home addresses of retired municipal employees, the same rationale applies. Consequently, the home addresses of Cincinnati retirees are, at best, contact information used for administrative purposes and reveal nothing about the city or its retirement system.

{¶ 9} Moreover, insofar as DeGroot raises a new argument on appeal – that she is entitled to access to the requested home addresses based on the city civil service commission's duty under R.C. 124.09 and 124.40 to allow inspection of its roster, including the addresses, of all persons in the city's classified service – she has waived our consideration of it by failing to raise it in the court of appeals. See *McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, 909 N.E.2d 1279, ¶ 26 (in appeal from judgment denying writ of prohibition,

appellant waived argument that she did not raise in the court of appeals); *State ex rel. Ohio Civ. Serv. Emps. Assn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, ¶ 10 (in appeal from judgment granting writ of mandamus, appellant waived argument that it did not raise in the court of appeals).

### Conclusion

**{¶ 10}** Therefore, the court of appeals did not err in dismissing DeGroot's amended petition for a writ of mandamus, and we affirm the court's judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

———————————

Ely M.T. Ryder, for appellant.

John R. Curp, Cincinnati City Solicitor, and Richard Ganulin and Paula Boggs Muething, Assistant City Solicitors, for appellees.

———————————