Filed 8/7/14  Modified and Cert. for Partial Pub. 9/5/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **KEISHA W.,**<br>        **Plaintiff and Respondent,**<br>**v.**<br>**MARVIN M.,**<br>        **Defendant and Appellant.** | **A137861, A137991**<br><br>**(Alameda County<br>Super. Ct. Nos. AF12642384,<br>AF12657968)** |

Defendant Marvin M. (Father) and plaintiff Keisha W. (Mother) are the parents of Marvin M. II (Minor).  Father appeals from an August 2012 restraining order that, among other things, awarded custody of the Minor to Mother (A137991), and from the family court's January 2013 acceptance of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.)[1] (A137861).[2] We affirm the restraining order at issue in A137991, and dismiss the appeal in A137861 as being from an unappealable order.

BACKGROUND

Case No. A137991

On August 6, 2012, Mother requested a restraining order to protect herself and the Minor, born in April 2006, from Father.  Mother's accompanying declaration explained that she and Father previously lived in Texas and were in a relationship that ended in

---

[1]     All further undesignated statutory references are to the Family Code.
[2]     On December 9, 2013, this court consolidated the two appeals.

1

April 2010. She described instances of domestic violence and threatening conduct by Father that caused her to leave Texas with the Minor in August 2011. According to the declaration, on May 31, 2012, Father picked up the Minor from his daycare in California and absconded with the Minor to Nevada. Mother sought return of the Minor and modification of a January 2011 Texas custody order that provided for shared custody of the Minor. Mother informed the superior court that, in July 2012, the Texas court indicated it no longer had jurisdiction over custody because the parents and the Minor no longer lived in Texas.

The superior court issued a temporary restraining order on August 8, 2012, and set a hearing on the request for a restraining order for August 31. On August 30, Father filed a written response with extensive attachments, opposing, among other things, Mother's custody request. Following the August 31 hearing, the superior court issued a restraining order protecting both Mother and the Minor from Father, and ordering that Mother have physical custody of the Minor. The court found it had "jurisdiction to make child custody orders in this case under" the UCCJEA.

On September 20, 2012, the restraining order was served on Father in Nevada. On February 26, 2013, Father filed a notice of appeal of the restraining order.

Case No. A137861

On November 28, 2012, Mother commenced a family court proceeding by filing a petition for custody and support. She requested physical custody of the Minor with supervised visitation for Father.

Father challenged the family court's jurisdiction to adjudicate the custody issue under the UCCJEA. On January 30, 2013, the superior court conducted a UCCJEA conference call with judges from the Nevada and Texas courts. The court's minutes reflect that the Texas court "decline[d] jurisdiction," the Nevada court "neither accept[ed] nor decline[d] jurisdiction," and the California court "accept[ed] jurisdiction over this matter." At a February 4 hearing, the court retained jurisdiction "pending further notice," ordered that the Minor be turned over to Mother, and set hearings on the issue of jurisdiction and custody for February 21 and April 8, respectively.

2

On or around February 5, 2013, Father appealed from the family court's January 30 acceptance of jurisdiction.

DISCUSSION

I.    *The Appeal from the August 31, 2012 Restraining Order (A137991)*

At the outset, we conclude the February 26, 2013 appeal (A137991) from the August 31, 2012 restraining order was not untimely. Under rule 8.104 of the California Rules of Court,[3] Father had 180 days after entry of the order to appeal, unless he received notice as specified in rule 8.104(a)(1)(A) or (B). Rule 8.104(a)(1)(A) requires the filing of an appeal within 60 days after "the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served." Rule 8.104(a)(1)(B) requires the filing of an appeal within 60 days after "the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service." In the present case, the record contains a completed "Proof of Personal Service" form reflecting that Father was served with a copy of the restraining order on September 20, 2012. However, the form does not reflect that the order was file-stamped or that Father was served with a document entitled "Notice of Entry." Thus, Father had 180 days from entry of the order to appeal. Because February 26, 2013 is within 180 days from August 31, 2012, the appeal in A137991 is timely.

Father contends issuance of the restraining order violated the UCCJEA, because a Texas family court had already issued a child custody order regarding the Minor. "[T]he UCCJEA is the 'exclusive means of determining subject matter jurisdiction in custody disputes involving other jurisdictions. [Citations.]' [Citations.] The UCCJEA ensures that only one state has jurisdiction to make 'child custody determinations,' which, as relevant here, is defined in section 3402, subdivision (c), to include a 'permanent, temporary, initial, and modification order' of a 'court providing for the legal custody,

---

3    All further undesignated rules references are to the California Rules of Court.

3

physical custody, or visitation with respect to a child.' " (*In re Marriage of Fernandez-Abin & Sanchez* (2011) 191 Cal.App.4th 1015, 1037 (*Fernandez-Abin*).) The UCCJEA applied to the restraining order at issue in the present case. (§ 3402, subd. (d) [for purposes of the UCCJEA, the term " 'child custody proceeding' . . . includes a proceeding for . . . protection from domestic violence"]; see also *Fernandez-Abin*, at pp. 1037-1039.)

In the present case, the superior court found it had "jurisdiction to make child custody orders in this case under the" UCCJEA. Father argues the court did not have temporary emergency jurisdiction under section 3424,[4] because the Minor was not present in California on August 31, 2012. However, we conclude the more pertinent question is whether the superior court had jurisdiction to modify the Texas court's custody determination under section 3423. That section provides that a court may "modify a child custody determination made by a court of another state" if the California court has jurisdiction to make a custody determination under section 3421, subdivision (a)(1) or (2), and the court "determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state." (§ 3423.)[5]

It is undisputed that neither the Minor nor either of the parties was residing in Texas on August 31. As for jurisdiction over the Minor, subdivision (a)(1) of section 3421 provides: "(a) Except as otherwise provided in Section 3424, a court of this state

---

[4]     Section 3424, subdivision (a) provides: "A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to, or threatened with, mistreatment or abuse."

[5]     Section 3423 provides: "Except as otherwise provided in Section 3424, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph (1) or (2) of subdivision (a) of Section 3421 and either of the following determinations is made: [¶] (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 3422 or that a court of this state would be a more convenient forum under Section 3427. [¶] (b) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."

4

has jurisdiction to make an initial child custody determination only if any of the following are true: [¶] (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state."  Mother averred she and the Minor moved to California in August 2011, which provided a basis for a determination California was the Minor's home state.  (§ 3402, subd. (g).)  In a supplemental letter brief, Father contends California was not the Minor's home state because the Minor was not residing in the state for six consecutive months immediately prior to Mother's August 6, 2012 request to modify the custody order.  But where the Minor is absent and a parent is present, section 3421, subdivision (a)(1) provides as an alternative that California was the home state within six months of commencement of the proceeding.  That provision applies here.  (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1317.)  We conclude the superior court had jurisdiction to modify the Texas custody order under section 3423.[6]

Father also contends the superior court was obligated to decline to exercise jurisdiction under the UCCJEA because Mother brought the Minor to California in violation of the Texas order and failed to promptly seek modification of that order.  He relies on subdivision (a) of section 3428, which provides that "if a court of this state has jurisdiction under this part because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless" the parents acquiesce in jurisdiction, a court of a state having jurisdiction "determines that this state is a more appropriate forum under Section 3427," or "[n]o

---

[6]     For the first time at oral argument, Father cited *In re Nelson B.* (2013) 215 Cal.App.4th 1121, in support of a new argument that, until Father moved away from Texas, the Minor's presence in California was an unauthorized " 'temporary absence' " from Texas that could not be counted towards the six-month residence requirement in section 3402, subdivision (g).  Because the contention was not raised in a timely fashion, it has been forfeited.  (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226.)

court of any other state would have jurisdiction under the criteria specified in Sections 3421 to 3423, inclusive."

We conclude the superior court impliedly found that no court of any other state had jurisdiction under the UCCJEA at the time the restraining order was issued in August 2012. (§ 3428, subd. (a)(3).)[7] Texas and Nevada were the only other states with possible claims to jurisdiction. Regarding Texas, under Texas Family Code, section 152.202, subdivision (a)(2) (the analogue to section 3423, subdivision (a)(2)), the Texas court had "exclusive continuing jurisdiction" over custody "until . . . a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." It is undisputed that neither the parties nor the Minor resided in Texas in August 2012. Regarding Nevada, that state did not have jurisdiction because, among other possible reasons, the Minor had not yet resided there for six months as of August 31. (NRS 125A.085 [Nevada analogue to § 3402, subd. (g)].)[8]

---

[7]  In the present case, both parties allege the other engaged in unjustified conduct—Mother by leaving Texas with the Minor and failing to promptly seek a modification of the Texas custody order; Father by taking the Minor to Nevada without Mother's consent or knowledge, and retaining the Minor in violation of the Texas order. (See *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 511-512.) Because section 3428, subdivision (a)(3) was applicable, we need not decide whether Mother engaged in unjustified conduct. Neither need we decide whether the separate domestic violence exemption in section 3428, subdivision (d) was applicable. Finally, we note that, even if Nevada had a claim to jurisdiction, NRS 125A.375 (the Nevada analogue to section 3428) might have required Nevada to decline to exercise jurisdiction due to Father's allegedly unjustified conduct.

[8]  Father contends section 3426, subdivision (b) obligated the superior court to communicate with Texas and Nevada before modifying the Texas custody order. However, neither of those states had jurisdiction over the Minor on August 31, 2012. Even assuming section 3426, subdivision (b) applied, Father cites no authority that any failure to communicate requires reversal of the superior court's ruling, where in fact no other state had jurisdiction over the Minor.

6

For the above reasons, the superior court had jurisdiction under section 3423 to modify the Texas court's custody determination on August 31, 2012.[9]

II.    *The Appeal from the January 30, 2013 UCCJEA Conference (A137861)*

On January 30, 2013, the California family court conducted a UCCJEA conference call with judges from the Nevada and Texas courts. The court's minutes reflect that the Texas court "decline[d] jurisdiction," the Nevada court "neither accept[ed] nor decline[d] jurisdiction," and the California court "accept[ed] jurisdiction over this matter." At a February 4 hearing, the court retained jurisdiction "pending further notice," ordered that the Minor be turned over to Mother, and set hearings on the issue of jurisdiction and custody for February 21 and April 8, respectively.

Father appealed from the superior court's January 30, 2013 acceptance of jurisdiction. He contends that act was an appealable collateral order, citing *Richardson-Merrell, Inc. v. Koller* (1985) 472 U.S. 424 (*Richardson-Merrell*), which explained that "[t]he collateral order doctrine is a 'narrow exception,' [to the final judgment rule] [citation] whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." (*Richardson-Merrell*, at pp. 430-431; see also *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561 (*Lester*).) However, even assuming a UCCJEA jurisdictional determination could come within the scope of the collateral order doctrine, for an order to be appealable under that doctrine it must "leave[] the court no further action to take on" the issue. (*Lester*, at p. 561.) In the present case, the January 30 acceptance of jurisdiction was not in the language of an order, and, on February 4, the family court continued the matter to February 21 for a "Long Cause hearing on the issue of Jurisdiction." Thus, the January 30 acceptance of

_____

[9]    Father also contends the superior court lacked personal jurisdiction over *him*, because he lacked the minimum contacts with California necessary for assertion of such jurisdiction. However, he fails to present any reasoned argument with citations to relevant supporting authorities (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785) that the superior court needed personal jurisdiction over him to issue a restraining order and modify the Texas custody order under the UCCJEA. (See § 3421, subd. (c) ["Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."].)

7

jurisdiction was not " 'substantially the same as a final judgment in an independent proceeding' " (*Lester*, at p. 561), as is necessary for application of the collateral order exception to the one final judgment rule.[10]

Because the January 30, 2013 acceptance of jurisdiction was not an appealable order, the appeal in A137861 must be dismissed.

DISPOSITION

In A137991, the August 31, 2012 restraining order is affirmed. In A137861, the appeal is dismissed. Respondent is awarded her costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P. J.

_____

BRUINIERS, J.

---

[10] On March 21, 2013, the family court conducted a hearing on the issue of jurisdiction and ruled, "California has jurisdiction over this matter." Father has not requested that we construe his notice of appeal as from that order, and, even if he had, we would decline to exercise our discretion to do so. (*In re Marriage of Battenburg* (1994) 28 Cal.App.4th 1338, 1341, fn. 1.) Among other things, the record on appeal does not include a transcript of the March 21 hearing.

Filed 9/5/14

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **KEISHA W.,**<br><br>    **Plaintiff and Respondent,**<br><br>**v.**<br><br>**MARVIN M.,**<br><br>    **Defendant and Appellant.** | **A137861, A137991**<br><br>**(Alameda County**<br>**Super. Ct. Nos. AF12642384,**<br>**AF12657968)**<br><br>**ORDER CERTIFYING OPINION**<br>**FOR PARTIAL PUBLICATION,**<br>**MODIFYING OPINION, AND**<br>**DENYING REHEARING**<br>**[NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

Appellant's August 22, 2014 petition for rehearing is denied.  The opinion filed August 7, 2014 is modified in the following respects:

(1) The second sentence in footnote 6 on page 5 is replaced with the following:

*Nelson* is distinguishable.  In that case, the issue was whether Maryland was the minor's home state at the time of commencement of a dependency proceeding, where the minor ran away from Maryland but his aunt continued to live there.  (*Nelson*, *supra*, 215 Cal.App.4th at pp. 1124-1125, 1130.)  The court concluded the minor's absence from Maryland was a "temporary absence" for purposes of section 3402, subdivision (g).  (*Nelson*, at p. 1130.)  The statutory language at issue provides that, in determining a child's period of residence, "[a] period of temporary absence . . . is part of the period."  (§ 3402, subd. (g).)  In the present case the issue

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

1

is not whether Texas was Minor's home state on August 6, 2012, because no parent lived in Texas at that time. The issue is whether California was Minor's home state, and section 3402, subdivision (g) does not state that periods that arguably can be characterized as temporary absences from other states do *not* count towards the six month residency period. The statute simply specifies that temporary absences should not *defeat* a state's claim to home state status, which was the situation in *Nelson*.

(2) The second and third sentences in footnote 8 on page 6 are replaced with the following:

However, that provision was inapplicable because it was clear neither of those states had jurisdiction over the Minor on August 31, 2012. (§ 3426, subd. (b) ["If the court determines that a child custody proceeding has been commenced in a court in another state *having jurisdiction substantially in accordance with this part*, the court of this state shall stay its proceeding and communicate with the court of the other state."] (italics added); see also *In re Marriage of Sareen* (2007) 153 Cal.App.4th 371, 377 [trial court did not violate section 3426, subdivision (a), where it was clear India did not have jurisdiction under the UCCJEA].)

(3) The following sentence is added at the end of footnote 9 on page 7:

Finally, we need not and do not address Father's contentions that the trial court violated his due process rights at the August 31 hearing, because those contentions were not presented in a timely fashion.

The modification does not affect the judgment.

On August 27, 2014, respondent, her counsel, the Family Violence Appellate Project, and 11 other organizations requested that this court's August 8, 2014 decision be published. That request is granted, with the exception of part II of the decision. As modified herein, the decision is certified for publication with the exception of part II.

Date_____        _____P.J.

(A137861, A137991)

2

Superior Court of Alameda County, Nos. AF12642384, AF12657968, Tara M Desautels, Judge.

Marvin M., in pro. per.; and Gibson Appellate Law and Jennifer A. Gibson for Defendant and Appellant. [*Retained*.]

Keisha W., in pro. per.; and Simpson Thacher & Bartlett, Alexis Coll-Very, Caitlyn Chacon, Anjali Kulkarni; Family Violence Appellate Project, Erin C. Smith, Nancy K.D. Lemon, Jennafer D. Wagner for Plaintiff and Respondent.