Filed 8/16/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BARRY VINCENT BREWER, JR., | B244767 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BF042887) |
| v. | |
| KYMAR CARTER, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marc Marmaro, Judge.  Reversed.

Barry Vincent Brewer, Jr., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

A father appeals from a California court order finding Illinois to be a more convenient forum to resolve certain child custody issues.[1]  Father contends the trial court made the order without providing the parties an opportunity to present evidence as required under Family Code section 3427.[2]  We hold that before a court determines that California is an inconvenient forum to resolve custody issues, the court must provide the parties with an opportunity to present evidence on the issue.  Due to the lack of evidence in this case, we cannot presume the trial court considered and applied the statutory factors set forth in section 3427.  Therefore, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Appellant Barry Vincent Brewer, Jr., and Kymar Carter have a son, born on April 21, 2010, who shares Brewer's name.  They lived together as a family in Los Angeles.  In June 2011, Carter took their 14-month-old son to Chicago, Illinois, to visit Carter's family.  When she did not return, Brewer filed a petition in pro. per. on August 8, 2011, to establish a parental relationship, seeking joint custody and visitation.  Brewer requested and received a waiver of court fees based on his financial condition.

Carter attempted to file responsive documents, but the paperwork was rejected due to a filing fee error.  On September 29, 2011, Brewer requested entry of Carter's default.  His request was initially rejected for failure to complete the proof of service properly.

On December 27, 2011, having resided in Illinois for six months, Carter filed a paternity action in Illinois.  She did not tell Brewer about the action in Illinois.  She received erroneous legal advice that because there was an action pending in Illinois, she did not need to respond in the California action.

---

[1]  Respondent Kymar Carter has not filed a brief on appeal.

[2]  All further statutory references are to the Family Code, unless otherwise stated.

Carter's default was ultimately entered in the California proceeding and a default prove-up hearing scheduled for June 29, 2012. On the day of the hearing, Carter filed a motion to have her default set aside based on mistake and excusable neglect; specifically, her attempt to file responsive documents and the erroneous legal advice about the effect of the Illinois action. She also served Brewer with the Illinois action. The court noted at the hearing that Carter had filed a motion to set aside her default and there was a paternity action pending in Illinois involving the same parties. The court continued the hearing to August 14, 2012.

Carter filed a response to Brewer's petition to establish a parental relationship. She acknowledged the child was conceived in California and declared she currently lives in Illinois. She declared there was a case pending in Illinois. Carter sought sole custody of the child with reasonable visitation rights. She provided the same address on her pleadings that Brewer had used for her.

Carter informed the trial court that she could not afford the cost of the telephone service to appear at the hearing on August 14, 2012. At the hearing, the court found Carter had established grounds for relief from default. The court had spoken by telephone with the Illinois court where Carter's family law case had been filed. The California court found that California was not the child's home state when Brewer filed his petition, because the child had not lived in California for six continuous months immediately prior to the filing date. The court also found that Illinois was the child's home state when Carter filed her action in Illinois, and therefore, the custody determination should be made in Illinois. The court continued the hearing to October 24, 2012, to allow Carter to file a response to the petition and to discuss the matter further with the Illinois court. The California court spoke with the Illinois court later that day, and the Illinois court agreed that Illinois should exercise jurisdiction.

On August 24, 2012, Brewer filed a motion for reconsideration in the California proceedings. A hearing was held on October 1, 2012. The California court denied the motion for reconsideration, because it was not based on new law or facts. However, the court provided a different analysis for its conclusions. The court acknowledged that

3

California had acquired jurisdiction to determine the custody matter prior to Illinois. However, the court declined to exercise jurisdiction under section 3427 and stayed any further action in light of the pending proceedings in Illinois. The court noted it was likely that relevant information about the child was located in Illinois where the mother lived, including information from medical providers and so forth. The court concluded the Illinois court was in a better position to determine the best interests of the child.

Brewer filed a timely notice of appeal from the order under section 3454 and Code of Civil Procedure section 904.1, subdivision (a)(3). We note the most recent documents sent to Carter by this appellate court have been returned with the notation that she moved without providing a forwarding address.

## DISCUSSION

### Standard of Review

A trial court's ruling to stay custody proceedings on the basis that another forum is more convenient is purely discretionary, and we will not reverse the ruling on appeal unless there was a clear abuse of discretion. (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 490 (*Nurie*).) The trial court's exercise of discretion will be upheld as long as it reflects reasoned judgment and follows correct legal principles and policies. (*Ibid.*)

### General Principles Governing Jurisdiction

In California, subject matter jurisdiction in custody cases is determined under section 3421 of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)

(§ 3400 et seq.). (*Nurie, supra,* 176 Cal.App.4th at p. 490.)[3] "Subject matter jurisdiction either exists or does not exist at the time an action is commenced. [Citation.] There is no provision in the UCCJEA for jurisdiction by reason of the presence of the parties or by stipulation, consent, waiver, or estoppel. [Citations.]" (*Id.* at p. 491.)

Under the UCCJEA, a California court has jurisdictional priority to issue an initial child custody determination if California was the child's home state when the proceeding was commenced, or California was the child's home state within six months of the commencement of the proceeding and although the child is absent from the state, a parent continues to live in California. (§ 3421, subd. (a)(1); see *Nurie*, *supra*, 176 Cal.App.4th at p. 491.)[4]

---

[3] The UCCJEA, adopted effective January 1, 2000, replaced the former Uniform Child Custody Jurisdiction Act (UCCJA) in California. (*In re Marriage of Paillier* (2006) 144 Cal.App.4th 461, 469.)

[4] Section 3421 provides for jurisdiction to make an initial child custody determination as follows: "(a) Except as otherwise provided in Section 3424 [for temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child custody determination only if any of the following are true: [¶] (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. [¶] (2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under Section 3427 or 3428, and both of the following are true: [¶] (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence. [¶] (B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. [¶] (3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 3427 or 3428. [¶] (4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3). [¶] (b) Subdivision (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state. [¶] (c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."

"'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period." (§ 3402, subd. (g).)

In this case, when Brewer filed his custody petition in California, California clearly had jurisdiction over custody proceedings pursuant to section 3402, subdivision (a). California was the child's home state within six months of the commencement of the proceeding and although the child was absent from the state, Brewer continued to live in California. At the time of the filing, Brewer's son had been out of California for no more than 72 days. (Compare *In re Marriage of Torres* (1998) 62 Cal.App.4th 1367, 1374 [under the former provisions of the UCCJA, California was the home state of a child absent from the state for 77 days].)

The conclusion would be the same under Illinois law. Illinois has adopted the same provisions of the UCCJEA governing subject matter jurisdiction. (See *People v. Hollis* (*In re D.S.*) (2005) 217 Ill.2d 306, 312-313.) The committee comments to section 101 of the UCCJEA state that its purposes are to avoid interstate jurisdictional competition and conflict in child custody matters, promote interstate cooperation to render a custody decree in the state which can best decide the matter in the interest of the child, discourage use of the interstate system to continue custody controversies, deter abductions of children, avoid relitigation of another state's custody decisions, and facilitate enforcement of other state's custody decrees. (9 West's U. Law Ann. (1999) UCCJEA, com., § 101, p. 657.)[5]

When Carter filed a competing action in Illinois, the UCCJEA required the Illinois court to decline jurisdiction, because at the time of the filing, "a proceeding concerning

_____

[5] "'"Reports of commissions which have proposed statutes that are subsequently adopted are entitled to substantial weight in construing the statutes."'" [Citations.]" (*Smith v. Superior Court* (1977) 68 Cal.App.3d 457, 463.)

6

the custody of the child [had] been commenced in a court of another state having jurisdiction substantially in conformity with [the UCCJEA]," and that proceeding had not been terminated or stayed based on finding Illinois was a more convenient forum. (750 Ill. Comp. Stat. Ann. 36/206 (750 ILCS 36/206).)[6]

The UCCJEA encourages communication between courts, however, within certain parameters. Section 3410 authorizes a California court to communicate "with a court in another state concerning a proceeding arising under this part." (§ 3410, subd. (a).) If the parties are not allowed to participate in the communication with the court of the other state, "they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." (§ 3410, subd. (b).) A record must be made of any communication under section 3410, other than administrative matters such as schedules, calendars, court records, and the parties must be promptly informed and provided access to the record. (§ 3410, subds. (c) & (d).)

## Inconvenient Forum

Brewer contends the trial court's ruling that California was an inconvenient forum was an abuse of discretion. Specifically, the court failed to provide an opportunity to present evidence on the issue as required under section 3427, and in the absence of evidence, the court could not consider and apply the statutory factors set forth in section 3427. We agree.

---

[6] The UCCJEA provides relief when a child is wrongfully taken across state lines to manufacture jurisdiction in a chosen forum. (*Nurie*, *supra*, 176 Cal.App.4th at pp. 511-512; Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2013) ¶ 7:151.1, pp. 7-61.) If a court has jurisdiction because the petitioning party engaged in unjustifiable conduct, the court must decline to exercise jurisdiction unless the parents have agreed to the proceedings, a court of the state having jurisdiction finds it to be a more appropriate forum, or no court of any other state has jurisdiction. (9 West's U. Law Ann., *supra*, UCCJEA, § 208, subd. (a), pp. 683-684; § 3428, subd. (a).)

Under section 3427, a California court may decline to exercise jurisdiction "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court." (§ 3427, subd. (a).)

Before determining that California is an inconvenient forum, the California court must first consider whether it is appropriate for another state to exercise jurisdiction. (§ 3427, subd. (b).) To make this determination, "the court shall allow the parties to submit information and shall consider all relevant factors, including: [¶] (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child. [¶] (2) The length of time the child has resided outside this state. [¶] (3) The distance between the court in this state and the court in the state that would assume jurisdiction. [¶] (4) The degree of financial hardship to the parties in litigating in one forum over the other. [¶] (5) Any agreement of the parties as to which state should assume jurisdiction. [¶] (6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child. [¶] (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence. [¶] (8) The familiarity of the court of each state with the facts and issues in the pending litigation." (*Ibid*.)

In this case, neither parent filed a motion for a determination that California was an inconvenient forum. The trial court raised the inconvenient forum issue on its own motion, based on evidence that a custody case was pending between the same parties in another jurisdiction. Under the circumstances, the court should have provided the parties with an opportunity to submit evidence relevant to the court's determination of whether California was a convenient forum or Illinois was an appropriate forum. This was not done, and therefore, the order staying the proceedings was in error.

In addition, to determine whether California is an inconvenient forum, the trial court must consider and weigh all of the factors enumerated in section 3427, subdivision (b), relevant to the case before it. (§ 3427, subd.(b).) The court has broad discretion with

respect to weighing the applicable factors and determining the appropriate weight to accord to each. However, the court cannot ignore any relevant circumstance enumerated in section 3427, subdivision (b); rather, the trial judge must recognize and apply each applicable statutory factor. Under the doctrine of "implied findings," if the record is silent, we must presume the trial court fully discharged its duty to consider all of the relevant statutory factors and made all of the factual findings necessary to support its decision for which there is substantial evidence. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134; *In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 238 (*Aninger*); *In re Marriage of Condon* (1998) 62 Cal.App.4th 533, 549; *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1550.) Where the record reflects what the court actually did, however, these presumptions do not apply. (*Border Business Park, supra,* at p. 1550.)

"[And of] course, each implied finding must be supported by substantial evidence." (*Aninger*, *supra*, 220 Cal.App.3d at p. 238.) "[The] basis for application of the substantial evidence rule is the theory that the trier of fact is in the best position to determine the value and weight to be attributed to evidence. [Citation.] The rule thus operates only where it can be presumed that the court has performed its function of weighing the evidence. If analysis of the record suggests the contrary, the rule should not be invoked. [Citations.]" (*Estate of Larson* (1980) 106 Cal.App.3d 560, 567.)

In this case, the only express finding made by the trial court was the court's assumption that medical records and similar evidence are probably located in Illinois. However, there is no evidence to support that any such records exist or are necessary to resolve any issue in the pending litigation. Without the parties having had an opportunity to submit evidence on the inconvenient forum issue, and lacking any evidence in the record that California is an inconvenient forum or Illinois is a more convenient forum to resolve the parties' custody issues, we decline to presume the trial court made the factual findings necessary under section 3427. (Cf. *Leadford v. Leadford* (1992) 6 Cal.App.4th 571, 575 [declining to imply findings as to out-of-state proceeding based on evidence

presented by demurrer rather than motion for stay].) The order in this case must be reversed and the matter remanded for further proceedings.

## DISPOSITION

The order is reversed. Appellant Barry Vincent Brewer, Jr., is awarded his costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

10