J-A25033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN HIRSCH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNAN MCGINNISS | : | No. 975 EDA 2018 |

Appeal from the Order Entered, February 26, 2018,
in the Court of Common Pleas of Bucks County
Domestic Relations at No(s): A06-16-60222-C-37.

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED NOVEMBER 27, 2018**

In this *pro se* appeal, Appellant, Brian Hirsch (Father), contests the trial court's jurisdiction to conduct a custody hearing in Pennsylvania; the trial court awarded Appellee, Shannan McGinniss (Mother), primary physical custody of the parties' two-year-old daughter, G.M. After careful consideration, we are constrained to affirm.

Mother and Father lived together in New Jersey at the time of the child's birth in July 2015. Approximately five months later, Mother left with the child to Pennsylvania. Mother alleged that she fled Father's abuse. Father denied the abuse, and alleged Mother's departure was only supposed to be temporary. Both parties filed for custody – Mother in Pennsylvania in February 2016, and Father in New Jersey in March 2016. The simultaneous proceedings

necessitated an interstate jurisdiction determination under the Uniform Child Custody and Enforcement Act (UCCJEA, 23 Pa.C.S.A. §5401, *et seq.*).[1, 2]

On August 9, 2016, a trial court in Monmouth County, New Jersey conducted a jurisdiction hearing pursuant to 23 Pa.C.S.A. § 5421 ("Initial Child Custody Jurisdiction"). Because custody proceedings had begun in Pennsylvania, the New Jersey trial court also conferred with the trial court in Bucks County, Pennsylvania. Communication between courts is required when there are simultaneous proceedings. **See** 23 Pa.C.S.A. § 5410 ("Communication between courts").

At this hearing, the New Jersey court heard argument with the Pennsylvania court present by telephone. After argument, the New Jersey court excused the parties from the courtroom, but kept the Pennsylvania court on the phone to discuss the matter. A continuous transcript of both the argument and the discussion between the judges was created; thus, a "record" was formed pursuant to § 5410(d). The New Jersey court ultimately determined that even though New Jersey was the child's "home state," Pennsylvania should exercise jurisdiction, because it was a more convenient forum, pursuant to § 5427 ("Inconvenient Forum"). During the conference, the Pennsylvania court voiced its agreement. Shockingly, the New Jersey

---

[1] Both states' iterations of the UCCJEA are virtually identical. **See** N.J.S.A. 2A: 34-53 to 95. This memorandum will use only the Pennsylvania citation.

[2] Father cites to both the UCCJEA and the Uniform Child Custody Jurisdiction Act (UCCJA) without realizing that the UCCJEA replaced the UCCJA.

court did not allow Father to testify or submit any information at the hearing. **See** § 5427(b); § 5410 (b). Rather, the court limited his input to argument.

In the record before us, no official New Jersey order denying jurisdiction exists. No Pennsylvania order accepting jurisdiction exists, either. We can infer that a New Jersey order exists, because the New Jersey court indicated in the transcript of the jurisdiction hearing that an order would be mailed imminently. And on August 16, 2016, one week after the New Jersey hearing, Father petitioned the **Pennsylvania** court to modify custody. The reason Father did not file a custody complaint is because an interim custody order already existed in Pennsylvania, pursuant to § 5424 ("Temporary Emergency Jurisdiction").

For reasons unknown, the custody case lingered for 18 months until it came to a final resolution by way of the February 26, 2018 custody order – the order from which Husband now appeals.[3]

At the outset, we address which of Father's issues are properly before us. Although Father raised both jurisdictional and substantive custody issues

---

[3] The record, which spans the two years between Mother's petition for temporary emergency custody in February 2016 to the final custody order in February 2018, contains various orders. Some of these orders, e.g., the May 23, 2017 contempt order, address custody matters, but none appears to be the result of a final custody hearing.

in his Pa.R.A.P. 1925(b) statement, he has chosen – inadvertently or not – to proceed only with the jurisdictional challenge.[4]

Preliminarily, we observe that Father initially failed to comply with Pa.R.A.P. 1925 when he neglected to file contemporaneously his concise statement with his notice of appeal and serve the same upon the trial court. However, we decline the trial court's invitation to quash the appeal. Application of a bright-line application of the waiver rule would not be in accordance with appellate procedure when children's issues are concerned. *See J.M.R. v. J.M.*, 1 A.3d 902, 906 (Pa. Super. 2010).  In children's fast track appeals, the failure to provide notice will result in a defective appeal, but the issue will not necessarily be waived; instead, the matter will be decided on a case-by-case basis.  *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009); *but see Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222 (Pa. Super. 2014)(in non-children's fast track appeals, the failure to comply with Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised).

---

[4] The Appellate Rules of Procedure provide, "[n]o question will be considered unless it is stated in the statement of questions involved [section of the brief] or is fairly suggested thereby." Pa.R.A.P. 2116(a).  Father has neither included a custody challenge in his statement of questions involved section, nor has he briefed the subject.

We also observe that Father initially failed to obtain the transcript, pursuant to Pa.R.A.P. 1911(a). By the time of oral argument, however, Father apparently remedied this defect by paying for the transcript and making it a part of the record.[5] We similarly decline to quash on this basis.

We now proceed to address his issues on appeal. Father presents the following questions for review, all of which concern the initial custody jurisdiction determination:

1. Did the trial court err by granting Mother jurisdiction in the state of Pennsylvania?

2. Did the trial court err by not allowing Father to call witnesses regarding the matter of jurisdiction in Pennsylvania?

3. Did the trial court err by not allowing Father to submit evidence regarding the matter of jurisdiction in Pennsylvania?

4. Did the trial court fail to enforce kidnapping laws regarding Mother taking child from her home state of New Jersey and fleeing to the state of Pennsylvania for no apparent logical reason?

5. Did the trial court fail to enforce, or even address, the jurisdictional issue of "forum shopping" by Mother?

Father's Brief, at 4.

_____

[5] Had Father chosen to proceed with his custody challenge, we would have remanded to allow the trial court to issue a supplemental opinion, so that it could conduct a sufficient custody analysis pursuant to 23 Pa.C.S.A. § 5323(d) ("Reasons for award"). No supplemental opinion is necessary, as the jurisdiction issue is purely a legal question and enough facts are in the record to allow for a proper examination. *See S.K.C. v. J.L.C.*, *infra,* 94 A.3d 402, 408 (Pa. Super. 2014).

Although jurisdiction was not raised at the instant custody modification hearing, the issue is not waived. Generally, this Court will not address issues not properly raised before the trial court. **See** Pa.R.A.P. 302(a) (stating that issues not raised in the trial court will be deemed waived on appeal). However, in the realm of subject matter jurisdiction, a court always has the authority to determine whether it has jurisdiction to decide a case. **See J.M.R. v. J.M.,** 1 A.3d 902, 908 (Pa. Super. 2010) (citations omitted) (affirming the trial court's jurisdiction under the UCCJEA even though jurisdiction was not raised during the relocation trial). In its Rule 1925(a) opinion, the trial court states that Father acquiesced to jurisdiction when he filed for custody modification in Pennsylvania following the jurisdiction hearing. However, an individual's "action or inaction cannot bestow subject matter jurisdiction upon a court that otherwise lacks it." **See** Pa.R.C.P. 1032(2). Our rules of procedure provide that either the parties, or the court *sua sponte,* may raise the issue of subject matter jurisdiction at any time. **J.M.R.**, 1 A.3d at 908. Thus, the issue is properly before us.

This Court's standard of review when reviewing a trial court's application of the UCCJEA is as follows:

> A court's decision to exercise or decline jurisdiction [per the UCCJEA] is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of discretion. Under Pennsylvania law an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*Wagner v. Wagner*, 887 A.2d 282, 285 (Pa. Super. 2005) (citation omitted).

All of Father's issues relate to the dubious conduct of the New Jersey trial court. Throughout the hearing, the New Jersey court barred Father from providing any testimony or witnesses, even though Father disputed relevant facts. *See* § 5427(b). Although a record was made of the communication between the courts, Father was not given an opportunity to present facts. *See* § 5410(b). These facts, if proven, might have been an appropriate basis for Pennsylvania to decline jurisdiction (or New Jersey to retain jurisdiction) by reason of Mother's conduct. *See* § 5428.

Similarly, the transcript of the jurisdictional hearing from New Jersey indicates that the New Jersey court declined jurisdiction because Pennsylvania was the more convenient forum. But it also appears, at least from the transcript, that New Jersey court never conducted the requisite factual analysis pursuant to § 5427(b) (Inconvenient Forum – Factors). And again, the court prevented Father from submitting information to support his argument that New Jersey should retain jurisdiction. Moreover, the focus on the family's ties to Pennsylvania apparently ignored the fact that, although the parties filed for custody in February and March 2016 respectively, a simple jurisdictional hearing was not conducted for *six months* – an eon in UCCJEA years.

Even though the Pennsylvania trial court agreed that the facts were not in dispute, the decision to prevent Father a meaningful opportunity to be heard rested solely with the New Jersey court. Likewise, the decision not to retain

jurisdiction in New Jersey (the child's original home state) was ultimately the New Jersey trial court's decision. The uniform nature of the UCCJEA notwithstanding, if Father was denied due process in New Jersey, he had to seek redress in the New Jersey appellate court. *See, e.g., Brewer v. Carter,* 218 160 Cal. Rptr. 3d 853 (Cal. App. 4th 2013) (Father appealed to California Court of Appeal when California trial court erroneously determined Illinois to be the more convenient forum under the UCCJEA). In other words, we may not determine whether New Jersey's decision was erroneous; rather, we can only determine whether the Pennsylvania trial court's actions constituted an abuse of discretion.

The summation of the Pennsylvania trial court's actions is as follows: A Pennsylvania trial court initially exercised jurisdiction over the custody case on a temporary, emergency basis.[6] The Pennsylvania court then conferred with the New Jersey court once simultaneous proceedings were discovered.[7] Only after the New Jersey court declined did the Pennsylvania court assume jurisdiction. The Pennsylvania court then exercised that jurisdiction when Father filed for custody modification.[8] All of these actions were proper.

_____

[6] Pursuant to 23 Pa.C.S.A. § 5424, the trial court entered a temporary emergency custody order.

[7] Pursuant to 23 Pa.C.S.A. § 5410.

[8] Section 5421(a)(3) provides that the Pennsylvania court has jurisdiction if all courts having jurisdiction, i.e. the New Jersey court, declined to exercise jurisdiction on the ground that the Pennsylvania court is the more appropriate forum to determine the custody of the child.

Thus, Father's appeal essentially challenges whether the Pennsylvania trial court still had exclusive, continuing jurisdiction to proceed with the instant custody trial. We find that it did. The relevant UCCJEA provision is § 5422. A trial court's decision that it possesses exclusive, continuing jurisdiction under § 5422 is purely a question of law. **S.K.C. v. J.L.C.**, 94 A.3d 402, 408 (Pa. Super. 2014). On this question, our standard of review is *de novo* and our scope of review is plenary. **Id.**

Because the New Jersey court refused, the Pennsylvania court opted to exercise jurisdiction. Under § 5422, the Pennsylvania court retains jurisdiction until either:

> 1. The Pennsylvania court determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with Pennsylvania and that substantial evidence is no longer available in Pennsylvania concerning the child's care, protection, training and personal relationships; or
>
> 2. The Pennsylvania court or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in Pennsylvania.

**See** 23 Pa.C.S.A. § 5422(a)(1)-(2). Neither of those criteria has been met. Therefore, the Pennsylvania trial court had exclusive continuing jurisdiction over the custody case when it conducted the instant modification hearing in February 2018.

Based on our thorough review of the certified record and relevant law, we find that jurisdiction properly lies within Pennsylvania. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18