Filed 9/8/25  Brister v. Davis CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LISA BRISTER,<br><br>Respondent,<br><br>v.<br><br>MICHAEL DAVIS,<br><br>Appellant. | F088223<br><br>(Super. Ct. No. 15CEFL02949)<br><br><br>OPINION |

THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Steven M. Crass, Judge.

Michael Davis, in propria persona, for Appellant.

Lisa Brister, in propria persona, for Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

Michael Davis (father) and Lisa Brister (mother) have been involved in an ongoing custody dispute over their now 14-year-old son, J.D. (son), since 2015. Mother and son moved to Georgia in 2017, while father lives in Southern California. Father appeals from an order granting mother's motion to transfer the child custody action to a Georgia court under Family Code section 3427[1] on the ground California is an inconvenient forum, and Georgia is a more appropriate forum.[2]

Father contends the family court: (1) violated his due process rights with respect to the conduct of the hearing on mother's request; (2) failed to contact the Georgia court before issuing the transfer order; (3) misapplied and failed to properly weigh the applicable section 3427 factors; and (4) issued an order that is procedurally defective. Finding no merit to father's arguments, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2015, mother obtained a three-year domestic violence restraining order against father, as well as an order awarding her sole legal and physical custody of their four-year-old son and granting father supervised visitation. In 2017, mother and son moved to Columbia County, Georgia.

In 2019, father filed a request to change his visits to unsupervised, asserting he completed a court-ordered 52-week batterer's intervention program and maintained regular contact with son through video and telephone calls. Father also asked the court to restore son's surname, as he claimed mother changed son's surname without notice to him and without his consent. In her responsive declaration, mother objected to father's request for unsupervised visits and asked that the matter be transferred from the Fresno

---

[1] Undesignated statutory references are to the Family Code.

[2] An appeal may be taken "[f]rom an order … granting a motion to stay the action on the ground of inconvenient forum." (Code Civ. Proc., § 904.1, subd. (a)(3).) An appeal may also be taken from an order made after an appealable judgment. (*Id.*, subd. (a)(2).)

2.

County Superior Court to the superior court in Columbia County, Georgia, because none of the parties were residents of Fresno County and she and son had been residents of Columbia County, Georgia, since August 2017.

In June 2019, the family court denied father's name change request because it was made in the wrong court. Father provided the court with proof of completion of the batterer's program. The court set a contested hearing for rebuttal of section 3044.[3] At the October 2019 hearing, the court found father had successfully rebutted the section 3044 presumption and referred the parties to mediation. At an August 2020 hearing, the court issued an order that granted mother and father joint legal custody of son but continued to give mother sole physical custody. Father was granted unsupervised day visits in South Carolina and Georgia. It is unclear from the record what happened with mother's request to change venue to Georgia.

In January 2022, mother filed a request for an order granting her sole legal custody of son. In response, father requested overnight visits in California, joint legal and physical custody of son, and that mother be prohibited from referring to father as anything other than "dad and father." Father attached a December 2019 order from the Superior Court of Columbia County, Georgia, that set aside and vacated a January 2019 order that changed son's surname. The Georgia court found mother's motion to serve father by publication omitted pertinent facts, including that the parties were involved in ongoing litigation in California concerning custody, visitation, and child support issues, and father maintained regular telephone or video visitation with son, and had it known these facts, it would never have allowed father to be served by publication. Accordingly, the Georgia court found its January 2019 order changing son's surname should not have

---

[3] Section 3044 creates "a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child." (§ 3044, subd. (a).)

been entered. The Georgia court further stated the California Superior Court appeared to have continuing jurisdiction over the parties and issues raised in the Georgia court.

The family court ordered the parties to mediation. In June 2022, after mother requested a contested hearing, the family court entered an order that temporarily adopted a mediator's recommendation to order a graduated visitation plan that increased father's custodial/visitation time with son, including overnight weekend visits. The contested hearing was held in May 2023, when the family court granted mother and father joint physical custody of son, with son to live with father in California for a portion of son's summer vacation. Son was to live with father for a minimum of two weeks in 2023, which would increase by one week in each of the following years.

In December 2023, mother filed a request to modify the visitation order and change venue to the Columbia County Superior Court in Georgia. Mother asserted in her declaration that she was requesting transfer of the case to Georgia because: (1) none of the parties resided in Fresno County and had not done so for over eight years; (2) now 12-year-old son lived with mother since his birth, the two had not lived in Fresno County since 2015, and they had not resided in California since 2017; (3) mother and son had lived in Columbia County, Georgia, since August 2017; (4) father had not been a resident of Fresno County since 2015; and (5) mother and father appeared via telephone for hearings and mediations, and son had been required to travel for a court-related appointment at least once and attended the last mediation via video call. Mother hoped there would not be a need to return to court for requests for orders or modifications, but if such a need arose, she believed it made sense to transfer the case to Columbia County, Georgia, since son had lived more than half his life there. The family court referred the parties to mediation in February 2024.

Father filed a responsive declaration objecting to mother's request for change of venue on April 3, 2024. Father asserted the courts in California and Georgia determined in February 2020 that the Fresno County family court was the rightful jurisdiction and

4.

authority concerning this case under the Uniform Child Custody Jurisdiction and Enforcement Act (§ 3400 et seq.) (UCCJEA). Father attached as an exhibit the December 2019 order from the Superior Court of Columbia County, Georgia, that vacated son's name change order, in which that court stated the California Superior Court appeared to have continuing jurisdiction over the parties and issues raised in the Georgia court.

On mother's request to modify visitation, father complained: (1) mother failed to acknowledge that father's residence also was son's home; (2) she refused to address him as "dad" and insisted on only using his first name, and she allowed son to call father by his first name; (3) she refused to co-parent with father reasonably and civilly; and (4) mother was attempting to isolate son from his family by denying son the opportunity to spend more time with father in California and using father's limited visits to argue to the court that it was not in son's best interest to spend more time with him. Father believed mother was attempting to thwart his relationship with son. Father attached exhibits to show his relationship with son and mother's attempts to interfere with their relationship.

At the April 3, 2024 hearing, at which mother and father appeared by video, the family court noted mother resided in Georgia while father resided in Southern California. At father's request, the court continued the matter so it could review father's response, which it received that morning. The court stated that it would address the change of venue request at the next hearing, which it set for May 1, 2024.

At the May 1, 2024 hearing, which was not reported, the family court addressed mother's change of venue request. The corrected minute order of that hearing states the court heard argument from both parties, who appeared via video, specifically inquiring as to the section 3427 factors and the court addressed each of those factors. Ultimately, the

court found that on the whole the factors made Georgia, County of Columbia, to be the more appropriate forum and that Fresno was inconvenient.[4]

Father appealed from the May 1, 2024 minute order, and elected to proceed with a settled statement under California Rules of Court, rule 8.137.[5]  Father submitted a proposed settled statement, in which he stated he intended to argue:  (1) there was no substantial evidence to support the order because the family court failed to perform a comparative analysis of the burdens between maintaining venue in California versus moving the case to Georgia; (2) the family court did not adequately consider the financial and logistical burden on father while no substantial burden on mother was shown; and (3) most of the evidence and witnesses relevant to the case are in California therefore, transferring the case to Georgia complicated the process of gathering and presenting evidence, as witnesses were likely to be less willing or able to travel to Georgia.

Father summarized his testimony as follows.  He asserted two separate mediators confirmed parental alienation, with detailed reports provided.  Evidence included specific instances of alienation and statements from witnesses and mediation summaries, citing as examples the dates of March 22, 2016, May 23, 2017, and June 11, 2019.  Father asserted that since mother relocated to Georgia, she had been allowed to appear telephonically and via video for all hearings.  Father claimed changing venue would not be in son's best interest, including his health, safety, and welfare, as the Fresno court had a long history with the case and established jurisdiction since it presided over the case for 10 years. Father asserted both parties lacked familiarity with the Georgia court system, which would require them to seek more legal advice and incur more costs and financial

---

[4]     The record contains a duplicate minute order with a May 10, 2024 file stamp, which states the hearing date was May 10, 2024.  It appears, however, that the hearing occurred on May 1, 2024, as the register of actions states the hearing occurred on that date, and a corrected minute order was issued that corrected the hearing date to May 1, 2024.

[5]     Further references to rules are to the California Rules of Court.

6.

hardship, while they had 10 years of experience in the California family court judicial system.

Father asserted mother testified, but he did not provide a summary of her testimony. Father further asserted the family court did not make any findings at the hearing.

The family court subsequently issued an order on father's proposed settled statement that corrections were needed for the proposed settled statement to be an accurate summary of the evidence and testimony for the issues addressed in the order being appealed. Accordingly, the court attached a modified settled statement to the order, which the court stated was its response to the appealed judgment. The court stated the parties appeared at the hearing via video, father provided a response to mother's request for order which incorporated attachments, and no additional documents or witnesses were presented at the hearing. Father argued mother had historically and was currently engaged in parental alienation, but the court was not provided with any reports at the hearing. Father further argued that since mother moved to Georgia she had been allowed to participate in hearings via video, but the court noted that while the parties appeared by video for the hearings related to the instant request for order, it was not presented with evidence on the parties' appearances for all hearings. Father argued changing venue would not be in son's best interest.

The family court stated it weighed and discussed each factor set forth in section 3427 and solicited argument or comment from the parties related to those factors. The court then ruled, discussing each factor. Father argued, and the court agreed, that Fresno County Superior Court had an extensive history with the case, as it exercised jurisdiction over the case for about nine years. Therefore, the court found this factor weighed in favor of retaining the case in Fresno County. Father also argued the parties lacked familiarity with the Georgia court system.

The family court stated it considered each of the section 3427 factors and found most persuasive that there was a continuing dispute regarding child custody that would likely require further testimony by the parties and son. It was undisputed that neither party nor the child resided in Fresno County, as mother and son resided primarily in Georgia for the past seven years and father moved to Orange County, California. The court found that considering the section 3427 factors overall, Columbia County, Georgia, was the more appropriate forum and Fresno was inconvenient.

## DISCUSSION

### *Applicable Law and the Standard of Review*

The UCCJEA, which California has adopted, is the exclusive method of determining subject matter jurisdiction in child custody cases. (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1287.)[6] With minor exceptions not applicable here, the UCCJEA applies to any " '[c]hild custody proceeding.' " (§ 3402, subd. (d).)

"The purposes of the UCCJEA are 'to avoid jurisdictional competition between states or countries, promote interstate cooperation, avoid relitigation of another state's or country's custody decisions and facilitate enforcement of another state's or country's custody decrees. [Citation.]' [Citation.] 'Pursuant to the UCCJEA, California courts have jurisdiction over child custody determinations only if the child's home state is California, or the child's home state does not have jurisdiction or declined jurisdiction in favor of California. (§ 3421.)' [Citation.] The UCCJEA prioritizes home state jurisdiction over other bases of jurisdiction." (*Schneer v. Llaurado*, *supra*, 242 Cal.App.4th at pp. 1287–1288.)

The UCCJEA provides that a court having jurisdiction over a child custody dispute may nonetheless decline to exercise its jurisdiction in favor of a more convenient forum.

---

[6] Georgia also has adopted the UCCJEA, which is codified at Official Code of Georgia Annotated section 19-9-40 et seq. (*Bellew v. Larese* (2011) 288 Ga. 495, 496 [706 S.E.2d 78, 79].)

(§ 3427, subd. (a).)[7]  In considering whether it is appropriate for a court of another state to exercise jurisdiction, "the court shall allow the parties to submit information and shall consider all relevant factors, including:  [¶]  (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.  [¶]  (2) The length of time the child has resided outside this state.  [¶]  (3) The distance between the court in this state and the court in the state that would assume jurisdiction.  [¶]  (4) The degree of financial hardship to the parties in litigating in one forum over the other.  [¶]  (5) Any agreement of the parties as to which state should assume jurisdiction.  [¶]  (6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.  [¶]  (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.  [¶]  (8) The familiarity of the court of each state with the facts and issues in the pending litigation."  (§ 3427, subd. (b).)

"[T]o determine whether California is an inconvenient forum, the trial court must consider and weigh all of the factors enumerated in section 3427, subdivision (b), relevant to the case before it.  [Citation.]  The court has broad discretion with respect to weighing the applicable factors and determining the appropriate weight to accord to each. However, the court cannot ignore any relevant circumstance enumerated in section 3427, subdivision (b); rather, the trial judge must recognize and apply each applicable statutory factor."  (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1320 (*Brewer*).)

"Under the doctrine of 'implied findings,' if the record is silent, we must presume the trial court fully discharged its duty to consider all of the relevant statutory factors and

---

[7]    Section 3427, subdivision (a) provides:  "A court of this state that has jurisdiction under this part to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.  The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court."

made all of the factual findings necessary to support its decision for which there is substantial evidence. [Citations.] Where the record reflects what the court actually did, however, these presumptions do not apply." (*Brewer*, *supra*, 218 Cal.App.4th at p. 1320.) Each implied finding must be supported by substantial evidence. (*Ibid*.) In addition, if the parties are not afforded the opportunity to present evidence on the relevant factors, "we decline to presume the trial court made the factual findings necessary under section 3427." (*Ibid*.)

"A trial court's ruling to stay custody proceedings on the basis that another forum is more convenient is purely discretionary, and we will not reverse the ruling on appeal unless there was a clear abuse of discretion. [Citation.] The trial court's exercise of discretion will be upheld as long as it reflects reasoned judgment and follows correct legal principles and policies." (*Brewer*, *supra*, 218 Cal.App.4th at p. 1316.)

*Mootness*

As a threshold issue, we address mother's claim that this matter is moot because the Georgia court asserted UCCJEA jurisdiction and made custody determinations with respect to son during the pendency of this appeal.[8] She maintains Georgia's assertion of jurisdiction bars California from asserting its jurisdiction but does not cite the legal basis for this matter being moot. To the extent she claims we cannot grant effectual relief due to the Georgia court's actions, "whether we can still grant effectual relief to [father] necessarily turns on whether the California family court properly concluded that California does not have jurisdiction over the custody dispute." (*Segal v. Fishbein* (2023) 89 Cal.App.5th 692, 702.) Accordingly, we decline to treat the appeal as moot.

---

[8] While mother asserts the Georgia court accepted transfer of the case, which it assigned case No. 2024EDR0431, mother did not provide documents demonstrating the Georgia court's assumption of jurisdiction. It is unclear when in 2024 the Georgia case was initiated.

*Analysis*

Father raises numerous issues that he asserts shows the family court erred in finding Georgia was the more convenient forum.  We begin with his claim that his due process rights were violated because the court failed to provide adequate notice before issuing the transfer order, limited his ability to present evidence, and was not adequately prepared for the hearing.  Father's contentions are not supported by the record.  At the April 3, 2024 hearing, the court advised the parties that it was continuing the hearing so it could review father's response to mother's request to transfer the case to Georgia, and it would address her request at the next hearing, which it set for May 1, 2024.  The court addressed mother's request at the May 1 hearing and heard argument from the parties, specifically inquiring into the section 3427 factors.  Nothing in the record shows that father did not receive adequate notice that the court would address mother's request and issue an order on May 1.  The record also does not show that father objected to the court issuing an order that day.

The record also does not show that the family court limited father's ability to present evidence.  Both parties submitted declarations to the court with attached exhibits.  The court considered the parties' arguments at the hearing.  The record does not indicate that father requested and was denied the opportunity to present additional evidence.  Father asserts the court was unaware that the case was scheduled for hearing and there was "courtroom confusion," which demonstrates the court issued the ruling without proper preparation or a thorough examination of the record.  The record, however, does not indicate that the court was unaware that it was considering mother's request at the May 1 hearing.  Instead, the record shows the court considered the section 3427 factors, soliciting argument on the factors, and made a reasoned decision.

Father next argues the family court failed to confer with the Georgia court before issuing the transfer order.  Father, however, does not cite any authority that imposes such a requirement.  Section 3427 does not contain any such requirement; rather, it provides

11.

that if the court concludes California is not a convenient forum and that the courts of another state would be a more appropriate forum to decide the child custody dispute, the California court must stay the proceedings "upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper." (*Id*., subd. (c).)[9]

Father contends the family court misapplied and failed to properly weigh the section 3427 factors. The record does not bear this out; instead, it shows the court did not abuse its discretion in concluding Georgia was a more convenient forum for determining child custody and visitation. Several of the factors weighed in favor of Georgia as a forum: Georgia was son's home, where he lived for seven years, meaning evidence related to son's health, education, and activities was more readily available in Georgia; father no longer lived in Fresno County, as he moved to Orange County, California; and there was a continuing dispute regarding child custody that would likely require further testimony by both parties and son. While there also were factors weighing in favor of Fresno County Superior Court as a forum, such as the superior court had an extensive history with the case and exercised jurisdiction for about nine years, the parties had been able to appear at hearings via video, and despite the distance between Georgia and California, the court could reasonably conclude that on balance, matters related to child custody would be more conveniently decided in Georgia.

Father complains the family court failed to address his claims of parental alienation, consider that the Fresno County Superior Court had adjudicated the parties'

---

[9] Section 3424 requires a California court asserting temporary emergency jurisdiction that is aware another jurisdiction made a child custody determination to immediately communicate with the other court. (§ 3424, subd. (d).) The purpose of that communication is to determine whether the sister state court wishes to continue its jurisdiction. (*In re Cristian I.* (2014) 224 Cal.App.4th 1088, 1097–1098.) That section does not apply here, where the California court has jurisdiction and is determining whether the California court is an inconvenient forum and the other court is a more appropriate forum.

custody disputes since 2014, and disregarded son's stability. The court, however, specifically stated it considered Fresno County Superior Court's extensive history with the case and that it had exercised jurisdiction for about nine years. The court, however, found this factor was outweighed by other factors, namely, that the evidence required to resolve the pending custody dispute, including the testimony of mother and son, was in Georgia. The court's weighing of these factors was not beyond the bounds of reason.

As for father's claims that the family court failed to consider parental alienation and son's stability, those issues are not relevant to a determination of which forum is more convenient.[10] Father does not cite any authority that requires the court to consider

---

[10] Father attaches the following seven exhibits, totaling 25 pages, to his reply brief: (1) a June 27, 2019 letter from Child Supportive Services, Inc. documenting father's visits in 2016; (2) the December 13, 2019 order setting aside son's name change issued by the Superior Court of Columbia County, Georgia; (3) text messages from 2021 purportedly between father and a third-party visitation liaison; (4) the minute order of the May 10, 2023 hearing, and order regarding child custody and parenting time; (5) June 4, 2025 text messages purportedly from mother stating she was not sending son to visit father that summer; (6) a petition for modification of custody and visitation filed in April 2025 by mother's attorney in the Superior Court of Columbia County, Georgia, case No. 2025EDR0361; and (7) a family court services appointment summary for the April 3, 2024 hearing date.

This is not the proper procedure for designating, correcting, or augmenting an appellate record. (See rules 8.120, 8.121, 8.122, 8.155; cf. rule 8.204(d) [parties may attach to their briefs copies of documents "in the appellate record" that do not exceed 10 pages].) The first three exhibits are properly before us, as they were attached as exhibits to father's April 2024 responsive declaration, which is in the clerk's transcript along with the May 10, 2023 minute order. Father, however, has not asked us to take judicial notice of the remaining documents. (See, e.g., *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 744 [appellate court refused to consider materials attached to briefs where there was no compliance with rules of court or procedures for requesting judicial notice]; see also, e.g., rule 8.252 [procedures for seeking judicial notice by reviewing court]; Evid. Code, § 459 [same].) Moreover, we do not address issues that involve postappeal events. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [" 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].) Accordingly, we do not consider the remaining documents.

them when considering whether it is appropriate for another state's courts to exercise jurisdiction over the child custody dispute. In deciding that the Georgia courts were the more convenient forum, the family court was not making a custody decision but rather deciding which court was the more convenient forum to make that decision.

Finally, father's claimed procedural deficiencies with the family court's minute order, namely, that it did not document contact with the Georgia court, explain the factual basis for its decision, or analyze all the UCCJEA factors, do not require reversal. As we explained, the court was not required to contact the Georgia court about the transfer, thus it was not required to document any such communication. The court also was not required to fully explain the factual basis for its decision in the minute order or discuss all UCCJEA factors; rather, when the record is silent, we presume the trial court considered all relevant statutory factors and made the factual findings necessary to support its decision that substantial evidence supports. (*Brewer*, *supra*, 218 Cal.App.4th at p. 1320.) The family court stated in its modification to father's proposed settled statement that it weighed and discussed each of the section 3427 factors with the parties, solicited argument or comment from them on each factor, and considered each factor in reaching its decision. We accept the court's representation that it performed its duty.

In sum, father has not demonstrated that the family court erred in finding that Georgia is the more appropriate forum and Fresno County is an inconvenient one.

## DISPOSITION

The family court's May 1, 2024 order is affirmed. Costs on appeal are awarded to respondent.