Filed 1/30/26  L.T. v. M.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| L.T., | C103764 |
| Plaintiff and Respondent, | (Super. Ct. No. 25DV00265) |
| v. | |
| M.M., | |
| Defendant and Appellant. | |

In February 2025, L.T. (ex-wife) obtained a five-year domestic violence restraining order (the February 2025 order) against self-represented M.M. (ex-husband). Two months later, the trial court issued an order (the April 2025 order) denying ex-husband's request to terminate or modify the February 2025 order.  Ex-husband appealed both orders the following month.  Ex-wife has not filed a respondent's brief, so we decide this appeal based on the record provided, the opening brief, and any oral argument by ex-husband.  (Cal. Rules of Court, rule 8.220(a)(2); *In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

1

We conclude (1) ex-husband's appeal from the February 2025 order is untimely and (2) his challenges to the April 2025 order lack merit, so we affirm the April 2025 order and dismiss the appeal from the February 2025 order. Statutory references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND

The trial court granted the February 2025 order after a hearing held on February 14, 2025 (the February 2025 hearing). The order required ex-husband to stay at least 100 yards away from ex-wife and from any doctor's appointment involving their child. It also gave ex-wife sole legal and physical custody of child. The record on appeal does not include ex-wife's petition for the order or a reporter's transcript of the February 2025 hearing. According to the order, because both parties appeared for the February 2025 hearing, no other proof of service of the order was required.

In April 2025, ex-husband filed a request under section 533 to end or change the February 2025 order. He argued ex-wife was allowed to play an illegally recorded audio file at the February 2025 hearing without notice to him. He also asked the court to review videos that he recorded on April 21, 2021 and January 22, 2025 and his phone bill from January 1, 2024 to December 16, 2024, claiming the videos and phone bill evidence disproved ex-wife's claims. Ex-wife disagreed with ex-husband's request. She argued: (1) the evidence he offered was available at the time of the February 2025 hearing; (2) ex-husband was dangerous; and (3) the February 2025 order was in child's best interest.

Following a hearing on April 30, 2025 (the April 2025 hearing), the trial court issued the April 2025 order denying ex-husband's request. The court concluded ex-husband was not contending that circumstances had changed or offering evidence that was unavailable at the time of the February 2025 hearing; rather, he was requesting reconsideration of the February 2025 order, but that request was untimely. According to

2

the clerk's transcript, both parties testified at the April 2025 hearing. There is no reporter's transcript of the April 2025 hearing.

On May 7, 2025, ex-husband filed this instant appeal challenging the February 2025 order and the April 2025 order.[1]

DISCUSSION

Ex-husband contends the trial court erred at the February 2025 hearing because it allowed ex-wife to play a recording of a private conversation between him and a third party (ex-wife's recording). He contends he lacked sufficient notice of ex-wife's recording and the trial court failed to determine its legality. We conclude ex-husband's appeal of the February 2025 order is untimely. Ex-husband was personally served with that order at the February 2025 hearing (Fam. Code, § 6384, subd. (a)), so he was required to file an appeal by April 15, 2025. (Cal. Rules of Court, rule 8.104(a)(1)(A).) This means his May 2025 notice of appeal of that order was untimely, and we have no power to entertain it. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

Alternatively, ex-husband contends that the trial court should have considered his concerns with ex-wife's recording at the April 2025 hearing. In his view, the legality of ex-wife's recording and the surprising manner in which it was offered at the February 2025 hearing constituted "new facts" for purposes of section 533. We disagree. Section 533 authorizes a court to modify or dissolve a restraining order when there has been a "material change in the facts" upon which the order was granted. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505-1506 (*Loeffler*).) Ex-husband's concerns with ex-

---

[1] Ex-husband's notice of appeal also identifies an order dated April 16, 2025. That order continued a Family Court Services return hearing to the April 2025 hearing. Ex-husband's brief does not address this order or its appealability. So we do not address it either. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.)

3

wife's recording are legal concerns, not facts, and he could have raised those concerns at the February 2025 hearing. That he may have been unaware of the concerns at the time of the hearing status does not constitute a material change in the facts. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 [self-represented litigant held to same rules as an attorney]; *Loeffler*, at pp. 1506-1507 [trial court could reasonably conclude that offered fact did not constitute a material change of fact].)

Ex-husband also contends the trial court failed to consider "new evidence" at the April 2025 hearing that refuted the claims ex-wife presented at the February 2025 hearing. We disagree. Ex-husband's "new evidence" consisted of videos he recorded on April 21, 2021, and January 22, 2025, and his own phone bill from January 1, 2024 to December 16, 2024. This evidence, which belonged to ex-husband and existed at the time of the February 2025 hearing, does not constitute a change in facts. (*Loeffler, supra*, 174 Cal.App.4th at pp. 1505-1506 ["new or different facts" under section 1008 same as "material change in the facts" under section 533]; *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468 [facts of which party is aware at time of original ruling are not new or different facts under section 1008]; *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 50 [document available to moving party at time of motion does not supply new of different facts under section 1008].) We affirm the trial court's refusal to consider this evidence. Contrary to ex-husband's position, the trial court did not refuse to apply section 533; rather, it determined that ex-husband did not show a material change in the facts under that provision. As stated, ex-husband has not shown the trial court erred in making that determination.

Finally, ex-husband contends the trial court failed to properly apply the "ends of justice" consideration under section 533. In support, he cites (1) his concerns with ex-wife's recording, (2) the "new evidence" just discussed, and (3) the negative impacts the

February 2025 order has on his parental rights.[2]  We are not persuaded.  Section 533 authorizes a court to modify or dissolve a restraining order when the ends of justice would be served by modification or dissolution of the order.  We review that decision for abuse of discretion.  (*Loeffler, supra*, 174 Cal.App.4th at p. 1505.)  " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' "  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)  If the trial court's conclusion was a reasonable exercise of discretion, we are not free to substitute our discretion.  (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881-882.)  Here, we cannot conclude the trial court abused its discretion by impliedly finding that the ends of justice would not be served by granting ex-husband's request.  (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1320 [implied findings].)  The trial court's refusal to consider arguments and evidence that ex-husband could have presented at the February 2025 hearing comports with the ends of justice.  Also, we have no record of what testimony was offered at either hearing.  Without a reporter's transcript or proper substitute, we cannot conclude the trial court's finding was an abuse of discretion.  (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion"].)

---

[2] Ex-husband also contends the February 2025 order negatively impacts his reputation and career.  We do not address this contention because the record we have before us shows that it was never raised in the trial court and because it lacks citations to evidentiary support in the record.  (*Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 143 [appellate courts generally do not consider matters presented for the first time on appeal]; *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [we may disregard factual contentions that are not supported by citations to the record].)

DISPOSITION

Ex-husband's appeal from the February 2025 order is dismissed.  The April 2025 order is affirmed.  Because ex-wife did not appear in this appeal, costs are not awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.